IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CARRIE ANNE SIEFERT, Administrator of the Estate of John Ian Siefert, deceased, <br><br> Plaintiff, <br><br> v. <br><br> THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al., <br><br> Defendants. | Case No. 5:23-cv-039 <br><br> By:  Michael F. Urbanski <br>  Chief United States District Judge |

## MEMORANDUM OPINION

Defendant Travelers Indemnity Company of Connecticut ("Travelers") removed this proceeding from Clarke County Circuit Court on June 20, 2023. At a scheduling conference on August 8, 2023, the court raised the issue of subject matter jurisdiction, in response to which the parties provided supplemental briefing. ECF Nos. 14, 17, 18. As the court remains unconvinced that it possesses subject matter jurisdiction, this matter is hereby **REMANDED** to the Clarke County Circuit Court.

### I. Background

The following facts are drawn from the plaintiff's complaint. ECF No. 1-2. On June 18, 2021, John Siefert, the husband of plaintiff-administrator Carrie Seifert ("Siefert"), died in a head-on collision when a Chevrolet Equinox driven by Defendant Terry Lee Doyle ("Doyle") crossed the center line. Id. at ¶¶ 14–18. Doyle was driving a 2021 Chevrolet Equinox owned by defendant Pohanka Chevrolet ("Pohanka") and insured by Travelers. Id.

1

at ¶¶ 23–25. According to the complaint, Doyle was employed as a service writer for Pohanka at the time of the collision. Id. at ¶ 21.[1] Pohanka had a practice of permitting service writers, including Doyle, to drive loaner cars. Id. at ¶¶ 22, 27–31. Pohanka and Travelers deny that Doyle had permission to drive the car at the time of the accident and therefore refuse to provide insurance coverage. Id. at ¶ 33. In addition to this action, Siefert is pursuing a wrongful death claim against Doyle in state court. Id. at ¶ 3. In this action, Siefert seeks a judicial declaration that Travelers must provide its full liability limits under the insurance contract issued to Pohanka for Doyle's liability in Seifert's underlying wrongful death claim. Id. at 6. Siefert further alleges that "Pohanka has a financial interest in the outcome of this coverage dispute because it would be liable for all or a substantial portion of any payments Travelers is required to pay in connection with Ms. Seifert's wrongful death claim against Mr. Doyle." Id. at ¶ 34.

This action was originally filed in the Clarke County Circuit Court. On June 20, 2023, Travelers removed this action to the Western District of Virginia alleging that Doyle and Pohanka are nominal parties with no stake in this declaratory judgment. Notice of Removal, ECF No. 1. Neither Pohanka nor Doyle has appeared. On August 15, 2023, the court ordered Travelers to provide additional briefing on the issue of subject matter jurisdiction. Order to Respond, ECF No. 15. On September 14, 2023, Travelers filed a brief on subject matter jurisdiction alleging that Doyle is properly aligned as a plaintiff because his interests are adverse to the remaining defendant—Travelers—and that Pohanka is a nominal party whose citizenship may be disregarded for the purpose of determining diversity jurisdiction.

---

[1] The complaint appears to mistakenly swap Doyle's name for Siefert's in paragraphs 21 and 22.

Travelers's Brief, ECF No. 17. Seifert responded on September 28, 2023, alleging that Doyle's interest in this declaratory judgment action aligns with hers, but that Pohanka's status is less clear. Plaintiff's Response, ECF No. 18. Seifert further explained that the initial complaint alleged that Pohanka has a financial interest in the outcome because (1) Travelers's policy is likely to include a self-insured retention clause requiring Pohanka to pay at least part of any judgment Seifert obtains against Doyle, and (2) Pohanka's aggressive pursuit of criminal charges against Doyle for what Pohanka claimed was unauthorized use of the car suggested it had an interest in the outcome of the case. Id. at 2.

## II. Law

Federal courts have original jurisdiction over cases in which complete diversity exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). A corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80–81 (2010).

"A defendant may remove any action from a state court to a federal court if the action could have originally been brought in federal court." Yarnevic v. Brink's, Inc., 102 F.3d 753, 754 (4th Cir. 1996) (citing 28 U.S.C. § 1441). The defendant, as the party who removed the case, bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of New York, 822 F.3d 739, 748 (4th Cir. 2016). A defendant "may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named

defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co., 546 U.S. 81, 84 (2005).

Courts have a "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand." Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

### III. Analysis

Based on the facts alleged in the complaint, the court determines that the parties hold citizenship as follows: Seifert and Doyle are natural persons and citizens of Virginia. Id. at ¶¶ 6, 9. Pohanka is a citizen of both Maryland and Virginia, as it is a Maryland corporation with its principal place of business in Virginia. Id. at ¶ 11. Travelers is a citizen of Connecticut. Id. at ¶ 10.

Travelers argues that diversity jurisdiction exists because (A) Doyle should be realigned as a plaintiff and (B) Pohanka is a nominal party whose citizenship can be disregarded for the determination of diversity jurisdiction. While the court agrees that Doyle can be realigned as a plaintiff, the court remains doubtful that Pohanka is a nominal party. Therefore, remand is proper.

### A. Realigning Doyle

When jurisdiction is based on diversity, the court has the power to ascertain whether alignment of the parties conforms with the true interests of the litigation and to realign them as needed if it does not. See American Motorists Ins. Co. v. Trane Co., 657 F.2d 146, 149 (7th Cir. 1981); U.S. Fidelity & Guar. Co. v. A& S Mfg. Co., 48 F.3d 131, 133 (4th Cir. 1995). "In

4

determining whether to realign parties, we apply the "principal purpose" test: First, we determine the primary issue in controversy, and then we align the parties according to their positions with respect to the primary issue." Palisades Collections LLC, 552 F.3d 327, 337 (4th Cir. 2008) (citing U.S. Fidelity & Guar. Co., 48 F.3d at 132–33). This determination does not merely rely on the parties' own determination of their roles; the federal court has a duty to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941); St. Paul Fire & Marine Ins. Co. v. Nat'l Union Fire Ins. Co., 890 F.3d 1265, 1267 (11th Cir. 2018).

Here, the suit's primary purpose is to determine whether Travelers's insurance policy covers an accident involving a car owned by Pohanka and driven by its employee, Doyle. Compl., ECF No. 1-2, at ¶ 5. Doyle can therefore be realigned as a plaintiff: both he and Seifert have a clear interest in establishing that the insurance policy applies.

### B. Pohanka as a Nominal Party[2]

The "nominal party exception" ensures that only those parties with palpable interest in the outcome of the case, and not those without any real stake, determine whether a federal court can hear a case. See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013). A nominal party is a party that has an "immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment." Id. at 260 (citing Lapides v. Bd. of Regents, 535 U.S. 613, 620 (2002)). This determination of the nominal party is a "practical inquiry, focused on the particular facts and circumstances of a case." Hartford Fire

---

[2] Because the court determined that Doyle can be realigned as a plaintiff, it declines to consider whether Doyle might be a nominal party.

Ins. Co., at 260–61 (quoting Shaughnessy v. Pedreiro, 349 U.S. 48, 54 (1955)). The "'key inquiry' is whether the case can be resolved without affecting the defendant in any reasonably foreseeable way." Smallwood v. Builders Mutual Ins. Co., No. 3:23CV67 (RCY), 2023 WL 5153730, at *3 (E.D. Va. Aug. 10, 2023) (citing Lloyd v. Travelers Prop. Cas. Ins. Co., 699 F. Supp. 2d 812, 816 (E.D. Va. 2010)). Based on the information currently before it, the court remains doubtful that Pohanka is a nominal party.

The plaintiff in Smallwood, like Seifert, sought a judicial declaration that an insurer owed a duty to defend and indemnify in a separate personal injury suit. 2023 WL 5153730, at *2. The defendant insurance provider removed the case to federal court, contending that the insured defendants were nominal parties. The court held that it was "unable to conclude that [the insured defendants] are purely nominal parties" because:

> [R]esolution (the Court's determination as to the duty to defend and indemnify) will likely impact all the Insured Defendants due to their interconnected business and/or employment relationships. This is true despite the fact that not all of the Insured Defendants are presently named as defendants in the state court personal injury action, as they all arguably have a stake in the outcome of this litigation given that, through their interconnectedness, they will jointly carry the financial impact of a finding that Builders Mutual has no duty to defend and indemnify its insured(s).

2023 WL 5153730, at *4 (emphasis added).

The pleadings here go beyond establishing a "likely impact" on Pohanka. Siefert's complaint affirmatively states that "Pohanka has a financial interest in the outcome of this coverage dispute because it would be liable for all or a substantial portion of any payments Travelers is required to pay in connection with Ms. Siefert's wrongful death claim against Mr. Doyle." Compl., ECF No. 1-2, at ¶ 34. Travelers, to the contrary, asserts that "[t]his case can

be resolved without affecting Pohanka in any reasonably foreseeable way." ECF No. 17, at 6. Siefert, in her response, relies entirely on this representation from Travelers. ECF No. 18, at 4.

The court, however, cannot follow this approach for two reasons. First, Travelers's statement is flatly inconsistent with the allegations in Siefert's complaint. The parties have placed conflicting assertions about Pohanka's potential interests before the court. Given this landscape, the court cannot determine whether Pohanka—who has not answered—lacks any interest in this coverage suit based solely on a conclusory statement in a brief filed by Travelers. See, e.g., Allen v. Monsanto Co., 396 F. Supp. 2d 728, 733 (S.D.W. Va. 2005) (declining to find a party nominal where the moving defendant asserted that the non-moving defendant was mentioned in the complaint "only indirectly," but "a reading of the complaint show[ed] otherwise" and where the non-moving defendant could be liable if the allegations in the complaint were proved true).

## IV. Conclusion

For the foregoing reasons, the court cannot be assured of its jurisdiction in this matter. Therefore, the court **REMANDS** these proceedings to the Clarke County Circuit Court.

It is **SO ORDERED**.

Entered: 12/12/2023

Michael F. Urbanski
Chief United States District Judge